David N. Goulder, James S. Crane, Copeland, Landye, Bennett and Wolf, Portland, Or., for plaintiff.

C. Wayne Mehlenbeck, Engle & Schmidtman, Woodburn, Or., for defendants.

ADMINISTRATIVE SERVICE CO., Plaintiff,

v.

Henry W. FORBES, Alice B. Forbes, Elisabeth Schultz, Marianne Robotis, Robert D. Walwyn, Phillip A. Lilian, Ilse K. Hoffman, and Associated Management, Inc., an Oregon corporation, Defendants.

Civ. No. 90–888–JU.

United States District Court, D. Oregon.

June 10, 1991.

OPINION AND ORDER

FRYE, District Judge:

The matter before the court is the objections of defendants to the Findings and Recommendations of the Honorable George E. Juba, United States Magistrate Judge, filed on April 18, 1991.

BACKGROUND

The plaintiff, Administrative Service Co., filed this diversity action seeking to collect on a promissory note. Plaintiff alleges that it is the holder of the note; that it acquired the note before maturity without notice of a claim or defense; that the note matured; that payment has been demanded; and that payment has not been made.

Before Magistrate Judge Juba, defendants moved to dismiss the action on the ground that it was prematurely filed. Defendants argued that Alaska Stat. § 34.20.160 (1990) requires a plaintiff to foreclose on the mortgage or deed of trust

prior to bringing an action directly on a promissory note. Plaintiff failed to respond to defendants' motion to dismiss, and Magistrate Judge Juba entered his Findings and Recommendation on January 10, 1991 recommending that defendants' motion to dismiss be granted because the action on the promissory note was premature in light of Alaska Stat. § 34.20.160 (1990).

Plaintiff filed objections to the Findings and Recommendation of January 10, 1991 asserting that Alaska Stat. § 34.20.160 (1990) should not be applied retroactively to bar this action. Magistrate Judge Juba treated the objections of plaintiff as a motion for reconsideration because he had not had the opportunity to consider the issue raised by defendants prior to entering his Findings and Recommendation on January 10, 1991.

Upon reconsideration, Magistrate Judge Juba entered a Findings and Recommendation on April 18, 1991 vacating the Finding and Recommendation entered on January 10, 1991 and recommending to this court that defendants' motion to dismiss be denied. Magistrate Judge Juba concluded that it was not proper to apply Alaska Stat. § 34.20.160 (1990) retroactively in light of Alaska Stat. § 01.10.090 (1990), which provides that "[n]o statute is retrospective unless expressly declared therein." Because Alaska Stat. § 34.20.160 (1990) does not expressly provide for retrospective application, Magistrate Judge Juba concluded that it should not be applied retroactively to bar this action.

## ANALYSIS

Defendants have filed objections to the Findings and Recommendation of April 18, 1991. Defendants argue that 1) Alaska Stat. § 34.20.160 (1990) may be applied retroactively if its effect is procedural under a judicial exception to Alaska Stat. § 01.10.090 (1990); and 2) the legislative history of Alaska Stat. § 34.20.160 (1990) shows that the legislature intended that it be applied retroactively.

This court reviews defendants' objections to the Findings and Recommendation of a

magistrate judge *de novo*. 28 U.S.C. § 636(b)(1).

Alaska Stat. § 01.10.090 (1990) provides that no statute is retroactive unless expressly stated therein that it is retroactive. Alaska Stat. § 34.20.160 (1990) does not expressly state that it is retroactive. Alaska Stat. § 34.20.160 (1990) is not just a procedural statute. Furthermore, the legislative history of a statute cannot alter the express language of the statute.

## CONCLUSION

The court finds that Magistrate Judge Juba properly concluded that Alaska Stat. § 34.20.160 (1990) does not bar this action, and that the action should not be dismissed for lack of an indispensable party or on the basis of forum non conveniens.

IT IS HEREBY ORDERED that defendants' motion to dismiss (# 19) is DENIED.